IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOE DEVERE PATTERSON :

   v. : Civil Action No. DKC 10-3093
       Criminal Case No. DKC 08-0393

UNITED STATES OF AMERICA :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to vacate, set aside, or correct sentence filed by Petitioner Joe Devere Patterson. (ECF No. 47). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

I. Background

Petitioner was charged by a six-count indictment with possession and distribution of heroin and crack cocaine and possession of a firearm by a convicted felon. Pursuant to an agreement with the government, he pleaded guilty to distribution of heroin (21 U.S.C. § 841(a)(1)) and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)). On January 25, 2010, he was sentenced to a total term of imprisonment of sixty months, to be followed by a three-year term of supervised release. Petitioner did not appeal.

On November 21, 2010, he filed the pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 47). The government was directed to respond, and did so on February 28, 2011. (ECF No. 52).

**II. Standard of Review**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his or her "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, "conclusively show[s] that the prisoner is entitled to no relief," the claims raised in the motion may be summarily denied. *See* 28 U.S.C. § 2255(b).

**III. Analysis**

Petitioner alleges, in purely conclusory fashion, that he received "insufficient legal counsel" because his "sentenc[e] resulted [from the] inclusi[on] of both a gun (weapon) charge/count and an enhancement for the referenced gun." (ECF No. 47, at 5). He asks the court to "revisit the sentencing

guidelines in light of the credible evidence concerning the possession of the gun," an issue which he "discussed . . . thoroughly with [his] attorney prior to sentencing." (*Id.*). In the cover letter accompanying his motion, he explains, "I was assured by my legal counsel that the sentencing court would not duplicate my possession of a firearm charge (whereby the evidence indicated that I was not the owner) with an enhancement (gun)." (ECF No. 47-2).[1]

Claims of ineffective assistance of counsel are governed by the familiar standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice as a result. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, Petitioner must show that there is a "reasonable probability that, but for counsel's

---

[1] Petitioner does not specify the nature of this "evidence," but he apparently refers to a letter his fiancée submitted to the court prior to sentencing, which indicated that a Ruger firearm recovered by police during the execution of a search warrant belonged to her, not to Petitioner. To the extent that Petitioner intends to argue that the enhancement could not apply because he was not the owner of the firearm, he is mistaken. *See* U.S.S.G. § 2D1.1(b)(1), comment. (n.3) ("[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"); *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001) ("the Government need show only that the weapon was possessed during the relevant illegal drug activity"). Moreover, the Ruger was merely one of two weapons recovered by police.

3

unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In scrutinizing counsel's performance, courts must be highly deferential; indeed, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct. *Id*. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted from the alleged deficiency. *See Strickland*, 466 U.S. at 697.

In the context of a guilty plea, the showing of prejudice must take a specific form:

> A different inquiry is necessary with respect to the prejudice prong . . . where a conviction is based upon a guilty plea. In that situation, a person must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In discussing "the importance of protecting the finality of convictions obtained through guilty pleas," the Supreme Court recently declared that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1484–85, 176 L.Ed.2d 284 (2010).

4

*United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012).

Insofar as Petitioner contends that his trial counsel rendered ineffective assistance by failing to advise him that his sentence would be subject to enhancement for possession of a firearm, he cannot show prejudice because the enhancement was expressly contemplated by the plea agreement. The stipulation of facts in Petitioner's written agreement stated that, in addition to drugs and large quantities of cash, law enforcement agents recovered the following items during the execution of a search warrant at his residence: "a loaded .380 magazine" from a "jean jacket in [the] master bedroom"; "a loaded Ruger P-95 9 mm pistol, bearing serial number 316-18065" from "under the mattress in the master bedroom"; "a Ruger gun case containing a loaded magazine and a box of 9 mm rounds" from the "top of [a] dresser in [the] master bedroom"; a "loaded magazine for a .22 caliber handgun" from a "bedroom in [the] basement"; a "10 mm round" from the "top of [a] dresser in [a] basement bedroom"; "a loaded magazine for a 9 mm handgun" in a "pool house"; and "a Mossberg 500A shotgun loaded with 5 shotgun shells," also in the "pool house." (ECF No. 34-1, at 1). Based on these facts, the parties agreed that "[a] 2-level upward adjustment applies, pursuant to U.S.S.G. § 2D1.1(b)(1), because the Defendant possessed dangerous weapons[.]" (ECF No. 34 ¶ 6.a.2). In signing the agreement, Petitioner affirmed that he had "reviewed

every part of it with [his] attorney"; that he "underst[oo]d" and "voluntarily agree[d] to it"; and that he was "completely satisfied with the representation of his attorney." (*Id*. at 9). Moreover, while the transcript of the Rule 11 hearing is not available, the court has reviewed the electronic recording of the proceeding and confirmed that it reviewed the terms of the agreement, including application of the enhancement, with Petitioner on the record, and that Petitioner indicated his understanding of those terms. Under these circumstances, defense counsel would have had no basis to oppose application of the enhancement at issue and could not have rendered deficient performance for failure to object. In any event, because Petitioner was advised by the court that the enhancement would apply, he cannot show that he was prejudiced by his counsel's alleged shortcoming. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1988) ("[A]ny misinformation [the petitioner] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [the petitioner] was not prejudiced").

Petitioner's fundamental complaint appears to be that, at some point after sentencing, he learned he is ineligible for early release following completion of a residential drug abuse program ("RDAP") due to application of the sentencing

6

enhancement for possession of a weapon.[2] On or about June 23, 2010, he submitted informal correspondence to the court, seeking "expung[e]ment of this enhancement given the specifics of [the] case (no prior ownership of a weapon)," so that he might "be eligible for the 12 months sentencing reduction[.]" (ECF No. 45). To the extent that Petitioner wishes to challenge the manner of execution of his sentence, his motion could only be cognizable under 28 U.S.C. § 2241, which must name the warden of his place of confinement and be filed in the district of confinement. In any event, he appears to overlook that he is ineligible for early release, regardless of the application of any sentencing enhancement, by virtue of his conviction for being a felon in possession. *See* 28 C.F.R. § 550.55(b)(5)(ii) ("[i]nmates not eligible for early release" include those who "have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm").

---

[2] In certain circumstances, after completion of an RDAP, a petitioner may be eligible for a one-year sentence reduction as an incentive. *See* 18 U.S.C. § 3621(e)(2)(B). The relevant statute provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *Id*. (emphasis added). The statute does not guarantee an inmate a one-year residential re-entry center ("RRC") replacement for any portion of his sentence, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of the sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009).

## IV. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it will decline to issue a certificate of appealability.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge